FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 21 2005
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ZHONG KUN DING,

                Plaintiff,

-against-

AUDRÉA BENDO, MD, Director, Residency Program, Vice-Chair for Education; JAMES COTTRELL, MD, Chair, Anesthesiology Department, Senior Associate Dean for Clinical Practice, College of Medicine; JOSEPH GIFFIN, MD, Executive Vice-Chair of Anesthesiology Department; DAVID WLODY, MD, Vice-Chair, Anesthesia Department, Co-Chair, Clinical Competence Committee (in their individual and official capacities); and SUNY-DOWNSTATE MEDICAL CENTER,

                Defendants.

**REPORT AND RECOMMENDATION**
03 CV 1237 (JG)(LB)

---

**BLOOM, United States Magistrate Judge:**

On March 15, 2005, the Assistant Attorney General ("AAG") filed a Suggestion of Death Upon the Record as to defendant Joseph Giffin. I advised plaintiff by order dated March 24, 2005 and again at the conference held on April 11, 2005 that this action would be dismissed as to Giffin pursuant to Fed. R. Civ. P. 25(a)(1) if plaintiff did not move for substitution of a party by June 18, 2005.[1]

On June 15, 2005 plaintiff submitted a document entitled "Exempt Joseph Giffin, MD, From the Punitive Damages To The Plaintiff," in which plaintiff stated that he had received notice of the

---

[1] Fed. R. Civ. P. 25(a)(1) requires that a motion for substitution of a party be made within ninety days of the filing of a Suggestion of Death Upon the Record. The June 18, 2005 deadline provided ninety days plus three days for mailing. See, e.g., Patorello v. City of New York, No. 95 CIV. 470, 2000 WL 1538518 at *2 (S.D.N.Y. Oct. 18, 2000) (adding three additional days for service by mail under Rule 6(e)).



death of Dr. Giffin and had "decided to exempt late Dr. Joseph Giffin from the punitive damages to the plaintiff." Plaintiff did not move for substitution of a party. I construed plaintiff's submission as a request to withdraw his claim against this defendant and instructed the AAG by order dated August 18, 2005 to prepare a stipulation of dismissal, to be signed by the parties by September 16, 2005 and presented to the Honorable John Gleeson to "so order".

On September 8, 2005 plaintiff filed a submission with the Court that was addressed to the AAG and entitled "Clarification of Stipulation & Order of Voluntary Dismissal of Claims Against Late Dr. Giffin In This Case." Plaintiff states in this submission that he wishes to exempt the deceased defendant from punitive damages only and that "the rest part or parts of claims, in late Dr. Giffin's individual and official capacities, are not removed or exempted ...." Plaintiff asks the AAG to prepare a new stipulation. No purpose is served by plaintiff withdrawing some but not all of his claims against the deceased defendant. Plaintiff's submission is nonresponsive to the issue of substitution.

Fed. R. Civ. P. 25(a)(1) states that "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record ... the action shall be dismissed as to the deceased party." Plaintiff was advised of this requirement in writing by my March 24 order and was specifically warned in person at the conference held on April 11 that the Court would dismiss his claim against Giffin unless he moved for substitution. Plaintiff did not move for substitution by June 18, 2005, nor has he done so to date despite the Court's clear instruction. Accordingly, it is respectfully recommended that this action should be dismissed as to defendant Joseph Giffin.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

LOIS BLOOM
United States Magistrate Judge

Dated: September 20, 2005
Brooklyn, New York

3